**Janet R. LINEHAN, Plaintiff-Appellant,**

v.

**Gerald J. LINEHAN, Defendant-Respondent.**

Nos. 51180, 51202.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 14, 1987.

Motion for Rehearing and/or
Transfer Denied
May 12, 1987.

Application to Transfer Denied
June 16, 1987.

Charles P. Todt, Clayton, for plaintiff-appellant.

Theodore S. Schechter, Bruce E. Friedman, Clayton, for defendant-respondent.

PER CURIAM:

Both parties appeal various aspects of the decree dissolving their marriage of twenty-four years. The errors claimed by each party relate to certain findings of fact pertaining primarily to the division of marital property and the allocation of various financial obligations.

We have reviewed the lengthy record and have determined that all portions of the decree, save one, are supported by substantial evidence, and are not contrary to the weight of the evidence. With respect to all such matters, we affirm the trial court's decree. *In Re Marriage of Campbell,* 685 S.W.2d 280, 283 (Mo.App.1985); *O'Neal v. O'Neal,* 703 S.W.2d 535, 537 (Mo. App.1985). As no error of law appears in this portion of the decree, we omit discussion of these issues as their resolution has been determined and such discussion would have no precedential value. Rule 84.16(b).

We do focus on one claim of error asserted by both husband and wife: the three year limitation on the payment of maintenance to the wife. Husband asserts that the trial court erred in extending maintenance beyond one year; wife contends that the limitation of three years was error because it was "against the great weight" of the evidence. We agree with the wife's view.

As this Court said in *In Re Marriage of Powers,* 527 S.W.2d 949, 956 (1975):

[A]wards of limited duration should not be based on speculation as to the future conditions of the parties. Awards of limited duration are entirely proper where the trial court has before it evidence of some impending change in the financial conditions of the parties or at the least some reasonable expectation that such a change will occur.

See also *Willyard v. Willyard,* 719 S.W.2d 91, 93 (Mo.App.1986); and *Turner v. Turner,* 650 S.W.2d 662, 662 (Mo.App.1983). As in those cases, there was no evidence of any reasonable expectation that wife would become self supporting within three years. On the contrary, wife, who was fifty-four years of age at the time of trial, did not have a high school diploma and had not been employed for thirteen years. Her employment experience was that of a switchboard operator and a receptionist in a physician's office. She also suffers from high blood pressure and depression. By contrast, the husband's average gross annual income for the years 1979 through 1985 of $111,984.00 demonstrates a history of substantial earning power with a future expectancy of similar income.

Under the circumstances, there being no indication that wife could reasonably expect an improvement in her financial situation within three years, we hold that the trial court erred in ordering the termination of maintenance at the expiration of such period and reverse that portion of the decree which would so terminate the maintenance award. Should there be a change in circumstances husband may file a motion to modify the decree.

There being no other error, the judgment is affirmed as modified. Rule 84.14.