**Sharon M. HOWARD, Appellant,**

v.

**Lester L. HOWARD, Respondent.**

No. 54586.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1989.

[redacted]

[redacted]

[redacted]

Lester L. Howard, Dairhaven, N.J., pro se.

Thomas Blumeyer Weaver, Michael J. Marshall, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Wife, Sharon M. Howard, appeals from a decree of dissolution of her marriage to husband, Lester L. Howard. We affirm as modified.

Husband and wife were married on October 14, 1961, when both were twenty years old. Two children were born of the marriage. Both children are now emancipated.

After the children were born, wife stayed at home to care for them. Husband pursued a career in the hospital apparel and supplies business and at the time of the dissolution was earning $68,900 a year. Wife's work experience during the marriage was limited to part-time employment in secretarial positions and work as a teacher's aid during the early years of the marriage. After the separation of the parties, wife secured employment at an airline where she received on-the-job training on the airline computer. Wife earned $10,055 in 1984, $15,219 in 1985, and $15,487 in 1986. Subsequently wife lost this job when the airline closed its office in St. Louis. At the time of the dissolution, wife had relocated to Florida where she was working part-time for an airline. Her rate of pay was $4.50 per hour. Wife testified she was currently applying to all of the major airlines; but, at the time of dissolution, she had not yet secured full-time employment.

In addition, wife testified her ability to work was limited by a heart condition called an "irregular heartbeat." Wife had never been hospitalized for the condition, was not currently on medication for the condition, and had not seen a doctor for the condition since 1981.

In the dissolution decree, the trial court found that wife was capable of supporting herself. The trial court awarded maintenance to wife in the amount of $480 per month for a period of 24 months.

[redacted] In her first point, wife contends that the limitation on the duration of maintenance was unwarranted because there was no evidence to show an impending or likely change in the circumstances of the parties. Although the trial court has broad discretion in determining the amount and the duration of maintenance pursuant to § 452.335, RSMo (1986),[1] "a decision to limit maintenance is justified only where substantial evidence exists of an impending

1. This case was tried under the law as it existed before August 1988. The new statute now provides for the trial court to modify the maintenance order prior to the termination date:

> The maintenance order shall state if it is modifiable or nonmodifiable. The court may order maintenance which includes a termination date. Unless the maintenance order which includes a termination date is nonmodifiable, the court may order the maintenance decreased, increased, terminated, extended, or otherwise modified based upon a substantial and continuing change of circumstances which occurred prior to the termination date of the original order.

Section 452.335.3, RSMo (Supp.1988).

change in the financial conditions of the parties." *Burbes v. Burbes,* 739 S.W.2d 582, 584 (Mo.App.1987).

At the time of the dissolution, wife was 46 years old. Her work experience during the 26–year marriage consisted only of sporadic part-time employment up to 1984. Although wife worked full-time from 1984–1986, she was trained specifically on a computer for an airline and had lost that employment through no fault of her own. At the time of trial, wife was working part-time for $4.50 an hour. Although she sought full-time employment, none had materialized. In the record before us, we do not find substantial evidence that wife will be self-supporting two years from the date of the decree. *See Burbes,* 739 S.W.2d at 585. Moreover, the evidence does not show that husband expects a dramatic decrease in his income after two years.

In addition, maintenance awards of limited duration cannot be based on mere speculation as to the future conditions of the parties. *Turner v. Turner,* 650 S.W.2d 662, 664 (Mo.App.1983). Where the spouse seeking maintenance has remained out of the work force for most of the marriage, usually for the purpose of raising children, the job skills and education which that spouse acquired prior to the marriage or prior to caring for children are not as marketable when that spouse later seeks outside employment. After years of disuse, there is the risk that job skills are no longer well-honed and that knowledge is no longer current. The realities of the situation in general, and of wife's situation in this particular action, make the limit on maintenance entirely speculative and based upon conjecture. There was not sufficient evidence that wife's circumstances will improve within the next two years. The trial court abused its discretion in terminating maintenance after two years.

This holding does not preclude a determination that wife is self sufficient at some later point in time. If a change in circumstances occurs, husband can seek a modification of the award. *Linehan v. Linehan,* 729 S.W.2d 606, 607 (Mo.App.1987).

In her second point, wife contends that the amount of the maintenance award was so insufficient as to amount to an abuse of discretion. She asserts that $480 per month does not permit her to pay her expenses. We note from their income and expense statements that both parties list expenses in excess of their incomes. We further note an increase in wife's expenses of over $700 per month following her voluntary relocation to Florida. Considering the financial circumstances of both parties, we do not find the award of $480 per month was patently unwarranted, *see Bull v. Bull,* 634 S.W.2d 228, 229 (Mo.App.1982), even though it falls short of wife's estimated monthly expenses. *See Fiorani v. Fiorani,* 720 S.W.2d 438, 443 (Mo.App.1986). Wife's second point is denied.

The order of the trial court is modified to eliminate the automatic termination of maintenance after two years. In all other respects the judgment is affirmed. Accordingly, we enter the order that should have been entered by the trial court. *See Willyard v. Willyard,* 719 S.W.2d 91, 94 (Mo.App.1986). Maintenance shall remain $480 per month unless and until a proceeding for modification is brought and a change is deemed appropriate under § 452.370.1, RSMo (Supp.1988).

Affirmed as modified.

REINHARD and CRIST, JJ., concur.