**Lawrence NWAOKOKOROM, Appellant,**

v.

**Patricia NWAOKOKOROM, Respondent.**

No. 60743.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1992.

Peggy Hardge–Harris, St. Louis, for appellant.

Patricia Nwaokokorom, pro se.

KAROHL, Judge.

Husband appeals from the provision of a May 1, 1991 decree of dissolution awarding wife $250 per month in modifiable maintenance. He contends the award of maintenance was improper because she is equally well educated, was looking for employment and is physically and mentally capable of working to support herself. Alternatively, husband contends the trial court erroneous-

ly failed to limit the duration of maintenance. We affirm.

The parties were married on August 13, 1986. They separated on or about June 19, 1989. Husband filed a petition for dissolution on August 22, 1989. No children were born of the marriage. Both parties graduated from a state teaching college in May, 1989. Husband obtained a full time teaching position shortly after graduating and has worked as a parking lot attendant throughout the marriage. Wife never obtained a position in her field of study, has worked temporarily as a clerk and was unemployed at the time of the trial.

The most recent information regarding the parties' income and expenses furnished to this court is from 1989. Husband listed income of approximately $26,500 per year from his two jobs in response to interrogatories and listed average monthly expenses of $885 on his statement of income and expenses. Wife listed zero income and estimated monthly expenses at $525 on her statement of income and expenses. Neither party had income producing property.

At trial, husband was still teaching and wife was unemployed. Wife testified she is physically and mentally capable of working, and in fact, she must demonstrate monthly that she is looking for employment as a condition of her subsidized rent. Husband was represented by counsel; wife was not. Wife did not submit a brief on this appeal.

Husband's claims of trial court error are reviewed under the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We must not disturb the trial court's order of modifiable maintenance unless there is no evidence to support it in light of the statutory elements.

■ Husband's first point on appeal is "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING MAINTENANCE IN LIGHT OF [WIFE'S] TESTIMONY THAT SHE HAD A COLLEGE DEGREE, WAS LOOKING FOR EMPLOYMENT AND HAD NO PHYSICAL OR MENTAL IMPAIRMENT PREVENTING EMPLOYMENT." The trial court may grant a maintenance order if it finds the

spouse seeking maintenance lacks sufficient property to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment. Section 452.335.1, RSMo Cum. Supp.1991. No one disputes wife lacks sufficient property to provide for her reasonable needs. Husband contends "capable of employment" implies an ability to support oneself.

Husband refers this court to a case consistent with the trial court's order which held the party's argument that his wife "[had] adequate training and experience to realize income sufficient to meet her needs [was] purely speculative and unsupported by the record." *Williams v. Williams*, 753 S.W.2d 101, 102 (Mo.App.1988).

Husband further relies on two Missouri cases affirming denial of spousal maintenance; however, neither case supports his position. In *Rickard v. Rickard*, 691 S.W.2d 391 (Mo.App.1985), both parties were employed earning comparable salaries and the narrow holding was the trial court did not err by not specifically stating it was denying maintenance. *Hurley v. Hurley*, 607 S.W.2d 169 (Mo.App.1980) comes closer to supporting husband's contention, but *Hurley* involves upholding a trial court order of no maintenance rather than reversing a maintenance award. We will not substitute our judgment for that of the trial court even if a different result were supportable.

Husband also relies on *Goodwin v. Goodwin*, 746 S.W.2d 124 (Mo.App.1988) which considered imputing income to a spouse who intentionally decreased his income before the divorce to avoid maintenance and child support. There is no evidence nor allegation suggesting wife purposefully remained unemployed to avoid paying maintenance to husband.

Husband cites no authority in support of his argument that the trial court may not award maintenance to wife solely because she appears employable. More importantly, the record contains ample evidence to support the trial court's order of modifiable

maintenance in the amount of $250 per month. Husband's first point is denied.

 Husband's second point on appeal is "THE TRIAL COURT ERRONEOUSLY DECLARED THE LAW AND ERRONEOUSLY APPLIED THE LAW BY NOT LIMIT[ING] MAINTENANCE TO A FIXED PERIOD OF TIME WHERE [WIFE] AND [HUSBAND] REQUESTED MAINTENANCE BE FOR A FIXED PERIOD AND THE COURT DECLARED THE COURT OF APPEALS WOULD NOT ALLOW MAINTENANCE FOR A FIXED PERIOD OF TIME." The duration of maintenance is determined by what the trial court deems just after considering relevant factors, including but not limited to the financial resources of the party seeking maintenance, the time necessary to find appropriate employment, and the ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance. Section 452.335.2 RSMo Cum.Supp. 1991.

Wife's request was for support for "at least a year, nine months to a year" to help her "get back on [her] feet." Mindful of the fact wife was not represented by counsel at the trial, and based on the lack of evidence indicating how long wife would be unemployed, we find no misapplication of the statute in the court's decision not to speculate on the appropriate time to terminate maintenance. The duration requested by the parties may be a relevant factor, but its weight is a matter for the trial court to determine.

The trial court was correct in noting that fixing the duration for maintenance based on mere speculation of impending change in the parties' finances is not favored in dissolution cases; whereas a modifiable award of unlimited duration is well within the trial court's considerable discretion. *McCallister v. McCallister*, 809 S.W.2d 423 (Mo.App.1991); *May v. May*, 801 S.W.2d 728 (Mo.App.1990); *Howard v. Howard*, 764 S.W.2d 169 (Mo.App.1989). We have held a dissolution party's sole recourse for a trial court's refusal to limit maintenance to specific duration should be to institute a

proceeding to modify the award when the other party's circumstances change. *Siegenthaler v. Siegenthaler*, 761 S.W.2d 262, 265 (Mo.App.1988). Husband's second point is denied.

The trial court's award of maintenance to wife in the amount of $250 per month is supported by the evidence even though wife is physically and mentally capable of working. Furthermore, entry of a modifiable maintenance award of unlimited duration is not a misapplication of law or an abuse of the trial court's discretion where there is no evidence to suggest precisely when wife's financial situation will change.

We affirm.

SMITH, P.J., and AHRENS, J., concur.