Carol A. TILLOCK, Petitioner–Appellant,

v.

Kenneth H. TILLOCK, Respondent–Respondent.

No. 64172.

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1994.

Allan F. Stewart, Michael J. Blaney, Braun, Steward & Keefe, P.C., Clayton, for appellant.

B. Thomas Kearns, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Wife, Carol Tillock, appeals from a decree of dissolution of her marriage to husband, Kenneth Tillock. We affirm as modified.

Husband and wife were married in 1968. They separated in 1986. Three children were born of the marriage. At the time of the dissolution, two of the children were living with wife in the marital home: one was 16 years of age and a student; another was 22 and unemployed.

At the time of the dissolution, husband was 55 years of age. He was a program analyst and had worked as a civilian employee of the United States Army for over 33 years. His annual yearly salary was approximately $60,-000.00. His pension plan was valued at $56,-

490.00. He suffered from health problems related to diabetes. After the separation, he continued to support wife and the children and to maintain them in the marital home. Husband's gambling and drinking problems contributed to the breakdown of the marriage.

Wife was 45 years of age. When she married in 1968, she was working as a secretary. After the birth of the parties' first child, wife stayed at home as a full-time homemaker. From 1984 to 1988, during the hours the children attended school, she worked as a part-time receptionist. After the separation, wife attended the University of Missouri at St. Louis (university) and graduated with a Bachelor's Degree in social work in June 1991. Although husband was providing for her support, her undergraduate education was financed through grants. At the time of dissolution, she was taking classes to complete a Master's Degree in counseling. Her anticipated date of graduation was June 1994. Because she was diagnosed as suffering from clinical depression, her graduate education was financed through a vocational rehabilitation program. As part of a work-study program through the university, she worked 10 to 15 hours per week at the Women's Center on campus. She earned $5.00 per hour, for a total of $2,100.00 per year.

Two witnesses testified on behalf of wife at trial. The Director of the Women's Center at the university testified that wife could not continue working at the center after graduation. She stated that the job market for counselors was depressed, because there was a surplus of counselors in the St. Louis area. She also said that wife's prospects for employment were not favorable, due to her lack of experience in counseling as well as to her clinical depression. The psychiatrist who treated wife testified that wife suffered from "major recurrent depression" which affected her ability to concentrate and to function. He stated that she should be on medication "for the rest of her life." Because of the increased stress wife would experience in a job, he recommended that in the near future, she work, not full-time, but rather on a "limited basis."

The trial court entered the decree of dissolution in May 1993. The court divided the marital property and awarded husband $23,500.00 (one half of the equity in the marital residence minus $3,000.00 for husband's gambling debts), $125.00 in bank accounts, an automobile valued at $500.00, $500.00 worth of household goods, and 63 percent of his pension benefits. The court awarded wife $29,500.00 (one half of the equity in the marital residence plus $3,000.00 for husband's gambling debts), $25.00 in accounts, an automobile valued at $500.00, $1,500.00 in household furnishings, and 37 percent of husband's pension benefits. The trial court awarded custody of daughter to wife and ordered husband to pay $660.00 per month in child support. The court apportioned the marital debts, assigning $2,000.00 to wife and $10,128.00 to husband. The court ordered husband to pay $500.00 in costs and $3,200.00 of wife's attorney's fees. The court also ordered husband to pay wife decretal maintenance of $1,000.00 per month for a period of 12 months.

Wife's sole point on appeal is that the trial court erred in limiting the duration of the maintenance award. She contends that there was no substantial evidence to support the limitation on maintenance, because there was no reasonable expectation that she would be self-supporting 12 months from the date of the decree. Neither party challenges the amount of the maintenance award.

 Although the trial court has broad discretion in determining the amount and duration of maintenance pursuant to § 452.335, RSMo (Cum.Supp.1993), a decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial conditions of the parties. *Howard v. Howard*, 764 S.W.2d 169, 170–171 (Mo.App.1989). Maintenance awards of limited duration cannot be based on mere speculation as to the future conditions of the parties. *Id.* at 172. Where the evidence indicates that the dependent spouse's financial prospects will not improve materially in the future and that the means of the spouse providing maintenance are not likely to decrease substantially, the trial court abuses its discretion when it speculates

that the original maintenance award will no longer be required in the future. *Burbes v. Burbes,* 739 S.W.2d 582, 584 (Mo.App.1987). There is a judicial preference for awards of unlimited maintenance. *Hutchins v. Hutchins,* 687 S.W.2d 703, 706 (Mo.App.1985).

Where the evidence indicates that the dependent spouse could become self-supporting within the period of the maintenance award, we have upheld awards of limited maintenance. *In re Marriage of Witzel,* 727 S.W.2d 214 (Mo.App.1987); *Steinmeyer v. Steinmeyer,* 669 S.W.2d 65 (Mo.App.1984). In *Cohn v. Cohn,* 841 S.W.2d 782, 786 (Mo.App. 1992), we held that the evidence was sufficient to support a reasonable probability that wife could become self-sufficient within three years, where she had a Master's Degree in special education, at least eight years' recent work experience in that field, and received substantial assets from the marital estate, including income-producing assets. In *Law v. Law,* 833 S.W.2d 17, 19 (Mo.App.1992), we held that the evidence was sufficient to support a reasonable probability that wife could become self-sufficient in two years, where, following separation, wife went to work for an insurance company for an approximate salary of $17,000.00 per year. In *Sansone v. Sansone,* 615 S.W.2d 670, 671 (Mo.App.1981), we held the evidence sufficiently established that wife would be employed within one year, where she was a trained real estate appraiser and there was a market for real estate appraisers.

In contrast to the above-cited decisions, there was not substantial evidence in the present case to support a reasonable expectation that wife's financial condition would improve in one year and that she would be self-sufficient. The decree was entered in May 1993; thus, wife's maintenance was to cease in May 1994, a date which coincided with her anticipated date of graduation. Wife was 45 years of age. She remained out of the work force for most of the marriage for the purpose of raising the three children born of the marriage. The only job she held after the children were born was a part-time position as a receptionist for a period of four years. At the time of the decree, wife was working at the university; but that job was provided to her as part of a work-study program run by the university and would terminate upon her graduation.

Although wife was pursuing a Master's Degree in counseling and was scheduled to graduate in June 1994, the evidence did not establish either that she definitely would graduate on time or that she would be employed immediately upon graduation. There was testimony that the job market for counselors was depressed and that wife's lack of work experience as a counselor was detrimental to her securing employment. In addition, there was medical testimony from her psychiatrist that, although he recommended that wife work, her clinical depression precluded her from dealing with the stress associated with a full-time position. Although wife's education prepared her for employment, full-time employment is, at best, a goal rather than a likelihood. Her years out of the work force, her lack of experience in her field of study, and her depression hinder her ability to become self-sufficient immediately upon graduation.

Based upon the evidence in the record, wife's future financial prospects are uncertain. The court's limitation on the duration of maintenance was speculative because there was no substantial evidence that wife would be self-supporting one year from the date of the decree. *See, e.g., In re Marriage of Thomas,* 829 S.W.2d 491 (Mo.App.1992); *Howard,* 764 S.W.2d at 169; *Johnson v. Johnson,* 743 S.W.2d 595 (Mo.App.1988). Moreover, there was no evidence that husband expected a substantial decrease in his income after one year. We therefore hold the trial court abused its discretion in limiting maintenance to a period of one year. Wife's point is granted.

We therefore enter the order the trial court should have entered. *See* Rule 84.14. The decree of dissolution is modified to eliminate the automatic termination of maintenance after 12 months. Maintenance shall remain at $1,000.00 per month unless and until a proceeding for modification is brought and a change is deemed appropriate under

the statute, or maintenance is otherwise terminated under the law.

Affirmed, as modified.

REINHARD and CRIST, JJ., concur.