**Garry WILKERSON, Respondent,**

v.

**Barbara WILKERSON, Appellant.**

**No. 23356.**

Missouri Court of Appeals,
Southern District.

May 7, 2001.

James M. McClellan, Sikeston, for appellant.

James R. Robison, Robison & Robison, Sikeston, for respondent.

**RAHMEYER, J.**

Barbara Wilkerson ("Wife") appeals the Judgment and Decree of Dissolution of Marriage entered by the trial court dissolving her marriage to Garry Wilkerson ("Husband").[1] She alleges the trial court

---

1. The pleadings in this case refer to Husband as "Garry Wilkerson," although he testified his name was "Garry Wilkerson, Sr." and signed the verification to his Petition for Dis-

erred in dividing the property owned by the parties. We agree and determine that the case must be remanded.

The marriage was of short duration. Husband and Wife married on February 23, 1996. They had no children. Husband and Wife were 49 and 54 years old respectively at the time of trial. This was not the first marriage for either party.

Both parties still owned property they had owned prior to marriage. Husband owned some antique items prior to marriage, as well as other furniture, some of which was in the possession of his daughter and son-in-law.[2] Husband received a personal injury settlement prior to marriage that he used to purchase Certificates of Deposit ("CDs"). After the marriage, Husband added Wife's name to the CDs. Husband also has a pension plan he had prior to marriage. Contributions were made to that plan during the marriage as well.

Like Husband, Wife has personal property she owned prior to this marriage. Wife owns real estate that the parties refer to as "the gas company property" and the "Highway O property." She owns a lease on the gas company property from which she receives one thousand, one hundred dollars each month. Husband signed a "Waiver of Curtesy Dower [sic]" on that leasehold interest disclaiming any interest in it. Wife asked that the two pieces of real estate be awarded to her as her separate property. After her marriage to Husband, Wife received thirty-six thousand dollars from her previous divorce.

The trial court divided the personal property by stating that each party was to have all the personal property in his and her possession together with items the trial court specifically delineated in the judgment. Part of the specific property listed was Husband's pension plan, which was awarded to Husband. Nowhere in the judgment did the trial court set out what it determined to be the marital and nonmarital property of the parties. Rather, the court simply awarded each party certain items of "property."

Most of the controversy between the parties surrounded the CDs. Wife testified that she added money to the CDs from her divorce settlement. After separation Wife cashed in one of the CDs in both names. She used the funds to pay off a motorcycle that was in Husband's possession, and then received approximately eight thousand dollars as the balance. Husband stated that he never received any portion of the funds from this CD, nor did he authorize Wife to cash in the CD. Wife contends there was no evidence the eight thousand dollars still existed at the time of trial. Husband requested the trial court award him a cash judgment for eight thousand dollars as a property distribution for Wife cashing in the CD. The trial court did so. Both parties' counsel candidly admitted in oral argument but for the award of the eight thousand dollars cash offset, the case would not be before this court. Nevertheless, we are required to address the issues raised by the parties on appeal.

Wife raises three points on appeal, all of which relate to the property. Wife's first point is that the trial court erred in failing to determine what property was marital and nonmarital. She claims as a sub-point that the trial court also erred in failing to value the marital property. Wife's other points on appeal address the division of

---

solution as "Garry Wilkerson, Sr." We will use the caption contained in the pleadings of the case to avoid confusion. No disrespect of Husband is intended.

2. Husband's daughter and Wife's son are married to each other.

property. Because we rule in Wife's favor on her first point, we do not address Wife's remaining points. Our review of this judgment is limited to an examination of whether the judgment was supported by substantial evidence, was not against the weight of the evidence, or erroneously declared or applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).[3]

■ Section 452.330, RSMo Cum. Supp.1999 governs the disposition of property in dissolution cases. The statute states in relevant part, "In a proceeding for dissolution of the marriage ... the court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors ...." Thus, the statute requires the court to execute two steps. First, the court must determine what property is nonmarital property of a spouse and what property is marital property. *Below v. Below,* 8 S.W.3d 233, 235 (Mo.App. E.D. 1999). After this determination is made the court must divide the marital property. *Id.* Without the trial court determining what property is marital and what is nonmarital, the appellate court cannot determine whether the trial court made a fair division of the marital property. *Id.*

The trial court's judgment must be reversed for failure to delineate what is marital property and what is nonmarital property. This is not a situation where the trial court has merely misclassified property, as Husband suggests. Rather, no indication is given whatsoever of what property the trial court believed was marital property and what was nonmarital property. This makes our review of the judgment impossible. The case must be re-

manded for the trial court to make this determination. This court cannot determine if the trial court's judgment is supported by substantial evidence or is against the weight of the evidence without the proper designation of marital and nonmarital property. If, after making this determination, the trial court believes it is equitable to redistribute the property, the trial court is free to do so.

For the reasons explained above, the case is reversed and remanded.

PREWITT, J., and BARNEY, C.J., concur.

---

3. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that Rule now appear in essentially the same form, in Rule 84.13(d).