Robin UNDERWOOD, Respondent,

v.

Darcy UNDERWOOD, Appellant.

No. ED 84444.

Missouri Court of Appeals, Eastern District, Division Three.

May 3, 2005.

James J. Leightner, Clayton, MO, for appellant.

CLIFFORD H. AHRENS, Presiding Judge.

Darcy Underwood ("wife") appeals the judgment of dissolution of the trial court ordering Robin Underwood ("husband") to pay her maintenance of $1,200.00 for a period of thirty-six months. Wife claims that it was error for the trial court to limit the duration of the maintenance award.

We affirm in part and reverse and remand in part.

A judgment and decree of dissolution was entered, dissolving the marriage of husband and wife. Pursuant to the judgment, husband was ordered to pay wife $1,200.00 per month in maintenance. This award was limited to a period of thirty-six months. Wife filed a motion to amend the judgment or alternative motion for new trial. The motion was called, heard and submitted. However, the trial court failed to rule on the motion within ninety days after the date upon which the motion was filed. Therefore, pursuant to Missouri Supreme Court Rule 78.06, the motion was overruled. Wife now appeals.

We review the judgment of the trial court under the same standard applied to any other court-tried case. *Aurich v. Aurich*, 110 S.W.3d 907, 911 (Mo.App. 2003). We will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously applies or declares the law. *Id.*

In her sole point on appeal, wife claims that the trial court abused its discretion in limiting her maintenance award to thirty-six months. She argues that there was no evidence presented to support a finding that she would become self-sufficient in that time.

The trial court is vested with broad discretion in its award of maintenance. *Aurich*, 110 S.W.3d at 914–15. We will interfere with the maintenance award of the trial court "only when it is patently unwarranted...." *Id.* (*quoting Hatchette v. Hatchette*, 57 S.W.3d 884, 891 (Mo.App.2001)).

With respect to limiting the duration of maintenance, " [t]here is a judicial preference for awards of maintenance

of unlimited duration.'" *Aurich*, 110 S.W.3d at 919; (*quoting McIntosh v. McIntosh*, 41 S.W.3d 60, 72 (Mo.App. 2001)). The trial court's decision to limit the duration of a maintenance award is warranted only where there is substantial evidence that the financial condition of the parties is subject to an impending change. *Id;* (citing *Allen v. Allen*, 961 S.W.2d 891, 896 (Mo.App.1998)). The trial court should not prospectively terminate maintenance if no evidence is presented or no reasonable expectation exists that the circumstances of the parties will be substantially different in the future. *Id.* "Limitation on the duration of a maintenance award based on mere speculation or not supported by sufficient evidence that the parties' circumstances will be markedly different in the future constitutes an abuse of discretion." *Lincoln v. Lincoln*, 16 S.W.3d 346, 347 (Mo.App.2000); (citing *Judy v. Judy*, 998 S.W.2d 45, 51 (Mo.App. 1999)).

In the present case, there is no evidence in the record to indicate that wife's financial resources are likely to change in the immediate future. Wife testified that she has worked since the separation, earning approximately $8.00 per hour at Lowes. She had to leave her position because of day care expenses for her children. She testified that she would like to pursue nursing school; however, there was no evidence presented as to the duration of wife's educational endeavor. Wife testified that the particular nursing program she investigated had differing lengths. Wife believed that the longest program was four years; however, she did not know if she would have to take additional classes prior to entering the nursing program in order to be admitted. Wife also testified that while she hoped to finish school in a reasonable time, she has minor children with special needs to care for[1]. Wife testified that two of the minor children suffer from depression and require medication. Wife had to put her education on the "back burner" when one of the minor children attempted suicide after husband and wife separated. Additionally, one of the minor children suffers from cerebral palsy and requires physical, occupational, and speech therapy. Wife herself also suffers from depression, which requires medication.

The court found that wife was not able to meet her reasonable monthly expenses and was in need of maintenance. There was no evidence that wife was likely to become self-sufficient in thirty-six months. At the time of trial, wife had not yet fully investigated the nursing program nor had she been advised as to what requirements for admission would need to be met, or what length of program she would be entering.

Wife's plans were indefinite at the time of trial, and any potential change in her financial circumstances therefrom would be based solely on speculation. As such, the trial court abused its discretion in limiting wife's maintenance award to thirty-six months. *See Hernandez v. Hernandez*, 872 S.W.2d 161 (Mo.App.1994) (the court abused its discretion in limiting duration of maintenance award to thirty-six months where a wife anticipated receiving a college degree within two years, but did not know "exactly" when she would receive her degree, or when she would be able to find self-supporting employment); and *Grams v. Grams*, 789 S.W.2d 846 (Mo.App. 1990) (the court determined that a wife's plans to attend interior decorating school were indefinite and increase in income was speculative, and did not warrant a limitation on the duration of maintenance).

---

**1.** The court found that the three youngest minor children had special needs.

The judgment of the trial court is reversed and remanded with instructions to the trial court to award wife modifiable maintenance of unlimited duration of $1,200.00 per month. In all other respects, the judgment is affirmed.

GLENN A. NORTON and
NANNETTE A. BAKER, JJ., concur.