In re the MARRIAGE OF John P. McMILLIAN and Susan I. McMillian.

**John P. McMillian,
Petitioner/Respondent,**

v.

**Susan I. McMillian,
Respondent/Appellant.**

No. ED 98727.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 7, 2013.

Craig G. Kallen, III and Rachel S. Gray, Kallen Law Firm, Town & Country, MO, for appellant.

Christopher R. Wegner, Clayton, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Wife appeals from a decree of dissolution of marriage. On appeal, she challenges the trial court's award of non-modifiable monthly maintenance limited to a period of thirty-six months. We reverse those parts of the judgment that 1) limit the duration of the maintenance award to thirty-six months and 2) make the award non-modifiable; we amend the judgment to make the award modifiable and of unlimited duration; and we affirm as so modified.

John P. McMillian (husband) and Susan I. McMillian (wife) were married on January 10, 1996. Two children were born during the marriage. Husband and wife separated in November 2010, and husband

filed a petition for dissolution of marriage in December 2010.

The case was tried over two days in April 2012. Wife testified that she was a licensed hair stylist and started a salon during the marriage. The salon became very successful and supported the family for a number of years. However, the salon began to lose customers as they aged and moved away. By November 2010, the salon was not providing income and was in debt. Wife had no income from the salon during 2011. Wife's only income in 2011 was from part-time work at a retail discount store at minimum wage for a period of six months, which was also her only other work experience. Wife was treated for depression for two and a half years, until the end of 2011. On December 21, 2011, the salon closed as a result of debt and a lack of customers.

Wife began working at a new salon in January 2012, approximately four months prior to trial. She paid $165 a month to rent a station three days a week. The most she had earned from working at the new salon was $110 a week after paying her station rental. She testified that she was building up her clientele, but at the time of trial, she did not have the income or clientele to rent a station for additional days.

In 2001, husband and wife started a business installing satellites, antennas, and home theater equipment. By 2009, husband's income from this business became the family's main source of support, and it continued to provide that support at the time of trial.

In its judgment, the court found that wife had supported the household for three years until 2009, that after 2009 her salon business declined and closed, that she had suffered from depression, and had not worked for a period of time. It also found that she had resumed hairstyling, but

earned less than $500 per month. The court found, "It is reasonable to assume that within a three year period she can again be self supporting as she was prior to 2009. Therefore any maintenance that is awarded to her will be for a determined period of time." The court found that husband had total control of the installation business and the ability to draw money from it, and his gross monthly income was $7,737. The court further found that husband had the ability to pay wife the sum of $600 per month for maintenance and wife required that sum to meet her reasonable needs. The court ordered husband to pay to wife $600 per month as statutory, continuing non-modifiable maintenance commencing on the first day of June 2012 and continuing for a period of thirty-six months.

For her sole point on appeal, wife asserts that the trial court misapplied section 452.335 RSMo (2000) and abused its discretion in limiting wife's maintenance award to thirty-six months because there was no evidence that the financial condition of the parties was going to change. She seeks a modifiable maintenance award unlimited in time. Husband has not filed a respondent's brief.

A trial court has broad discretion in determining the duration of maintenance, and we review that decision for abuse of discretion. *Souci v. Souci*, 284 S.W.3d 749, 759 (Mo.App.2009); *Rich v. Rich*, 871 S.W.2d 618, 622 (Mo.App.1994). However, " '[t]here is a judicial preference for awards of maintenance of unlimited duration.' " *Underwood v. Underwood*, 163 S.W.3d 490, 491–92 (Mo.App.2005) (quoting *Aurich v. Aurich*, 110 S.W.3d 907, 919 (Mo.App.2003)); *see also Craig–Garner v. Garner*, 77 S.W.3d 34, 39 (Mo.App.2002); *Polen v. Polen*, 886 S.W.2d 701, 704 (Mo.App.1994). "The trial court's decision to

limit the duration of a maintenance award is warranted only where there is substantial evidence that the financial condition of the parties is subject to an impending change." *Underwood,* 163 S.W.3d at 492; *see also Tillock v. Tillock,* 877 S.W.2d 161, 162 (Mo.App.1994). "The trial court should not prospectively terminate maintenance if no evidence is presented or no reasonable expectation exists that the circumstances of the parties will be substantially different in the future." *Underwood,* 163 S.W.3d at 492. Placing a limitation " 'on the duration of a maintenance award based on mere speculation or not supported by sufficient evidence that the parties' circumstances will be markedly different in the future constitutes an abuse of discretion.' " *Id.* (quoting *Lincoln v. Lincoln,* 16 S.W.3d 346, 347 (Mo.App.2000)). " 'Neither an appellate court [n]or a trial court may speculate on what the future might justify; rather, such a determination should be made in a proceeding for modification of the award upon a showing of changed circumstances.' " *Craig–Garner,* 77 S.W.3d at 39 (quoting *Whitworth v. Whitworth,* 806 S.W.2d 145, 148 (Mo.App. 1991)); *see also Polen,* 886 S.W.2d at 704.

▌ No substantial evidence was presented that wife's financial condition was subject to an impending change that would cause wife to become self-sufficient in thirty-six months. At the time of trial, wife did not have enough clients to rent a salon station for more than three days a week. Her only other work experience was part-time, minimum-wage work for a period of six months. There was no evidence that would support a reasonable expectation that wife would attract a sufficient number of clients to make her self-supporting in three years. The fact that she ran a salon in the past that was at one time successful does not reasonably lead to the conclusion that she will have similar success in the future, given that her former salon failed, and at the time of trial, she could not attract enough clients to warrant renting a station for more than three days a week. The prospect that her clientele would sufficiently increase in three years to make her self-supporting is purely speculative.

▌ A conclusion that wife's financial circumstances would improve in the future would be based solely on speculation and conjuncture. Further, the court did not find, and there was no evidence adduced, that husband's income would dramatically decrease after three years.

> Where the evidence indicates that the dependent spouse's financial prospects will not improve materially in the future and that the means of the spouse providing maintenance are not likely to decrease substantially, the trial court abuses its discretion when it speculates that the original maintenance award will no longer be required in the future.

*In re Marriage of Thomas,* 829 S.W.2d 491, 494 (Mo.App.1992).

In these circumstances, the trial court abused its discretion in limiting wife's maintenance award to thirty-six months. *See Underwood,* 163 S.W.3d at 492; *see also, Friedman v. Friedman,* 965 S.W.2d 319, 325 (Mo.App.1998) (although the wife had an equivalent of a doctorate in music, she had not obtained full-time, permanent employment as of the time of trial, and there was no evidence of a specific job that awaited her); *In re Marriage of Myers,* 879 S.W.2d 736, 738 (Mo.App.1994) (although the wife had a college degree and teaching certificate, there was no evidence that she would find employment in a year); *Tillock,* 877 S.W.2d at 163 (although the wife was scheduled to receive a master's degree in a year, full-time employment upon graduation was a goal, not a likelihood). The trial court abused its discre-

tion in limiting maintenance to thirty-six months.

Since the limitation on the duration of maintenance cannot stand, the order making maintenance non-modifiable must also be reversed. "Just as an order terminating maintenance at a definite date in the future must be supported by substantial evidence of an impending change of circumstances, a maintenance order providing that it is non-modifiable must be justified by the facts and circumstances." *In re Marriage of Harris,* 908 S.W.2d 854, 859 (Mo.App.1995). When future events that may be pertinent to the issue of maintenance are uncertain, a maintenance award should be modifiable. *Id.* A modifiable award would allow husband to seek a modification of the award if wife becomes self-sufficient at some future point in time. *See Howard v. Howard,* 764 S.W.2d 169, 171 (Mo.App.1989).

*Conclusion*

Those parts of the judgment limiting the maintenance award to thirty-six months and making it non-modifiable are reversed. We enter the judgment the trial court should have entered. Rule 84.14. It is ordered, adjudged, and decreed that wife is awarded modifiable maintenance of unlimited duration of $600 per month. As so modified, the judgment is affirmed.

MARY K. HOFF, J. and LISA VAN AMBURG, J., concur.