James M. Dowd, Judge *924 Michael Saettele (Husband) appeals the judgment and decree of dissolution of his marriage to Julie Saettele (Wife). Husband claims the trial court erred in connection with its property division by failing to properly delineate the parties' property as marital or nonmarital; by ordering spousal maintenance to be non-modifiable and for a limited term; and by permitting Husband's attorney to withdraw from the case on the day of trial. We affirm in part, reverse in part, and reverse and remand in part.
Factual and Procedural Background
Husband and Wife married on September 4, 1999, and there were no children born of the marriage. Wife filed for divorce on February 27, 2017. At the time of the dissolution, Wife claimed that she was making $130,000 per year. Husband was unemployed, but earned approximately $650 per month from rental income and $1,100 per month from Social Security disability payments. Husband requested spousal maintenance as part of the dissolution.
Trial was set for October 18, 2017. That morning, before trial began, Husband fired his attorney in open court and left the courthouse. The trial proceeded without him with the court taking evidence and hearing testimony from Wife. Husband now claims that he was unaware that the trial would proceed because he believed it had been continued for two months. The court also heard testimony from the court's bailiff concerning the statements and actions of Husband in firing his attorney and leaving the courtroom and the courthouse. Later that day, Husband filed a pro se motion to set aside the divorce judgment. Judgment of dissolution was entered the next day, October 19, 2017.
The judgment awarded Husband non-modifiable maintenance of $1,500 per month which expired in 60 months. This future date was set to coincide with Husband becoming able to draw on his retirement funds, which Wife testified would occur "in about five years." Wife did not testify to the amount of these benefits.
The judgment also divided the parties' property and debts. However, with a few exceptions, the court did not make specific findings regarding whether the distributed property was marital or nonmarital. The record shows that the parties owned three assets of real property, two of which the parties agreed were marital property. Each party was awarded one of those properties. The parties disputed whether the third real estate property, located on Jackson Avenue (the Jackson Property), was marital or nonmarital. While the Jackson Property was owned by Husband prior to the marriage, Wife claimed that it was converted into marital property during the marriage. The court awarded Husband the Jackson Property without having identified it as marital or nonmarital.
The court denied Husband's motion to set aside the divorce judgment as well as his motion to amend the judgement. This appeal follows.
Standard of Review
In non-jury civil cases, including dissolution cases, we affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Canon , 536 S.W.2d 30, 32 (Mo. banc 1976) ;
*925 N.M.O. v. D.P.O., 115 S.W.3d 854, 856 (Mo. App. E.D. 2003).
Discussion
I. The trial court erred in failing to identify whether the parties' property was marital or nonmarital
Husband claims that the trial court erred by failing to make findings as to the values of all of the marital property, and by failing to make proper findings as to which properties were marital and nonmarital. We agree that the court erred by failing to identify which properties were marital and which were nonmarital.
Section 452.330 RSMo (2016) mandates that trial courts "shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering" factors enumerated in the Section. Thus, trial courts are required to delineate between marital and nonmarital property and the failure to do so constitutes reversible error because it precludes this Court from determining whether the judgment is supported by substantial evidence or is against the weight of the evidence. Wilkerson v. Wilkerson , 50 S.W.3d 281, 283 (Mo. App. S.D. 2000) ("The trial court's judgment must be reversed for failure to delineate what is marital property and what is nonmarital property,"); see also Oetterer v. Oetterer, 60 S.W.3d 48, 52 (Mo. App. E.D. 2001) ("Failure to specifically identify property as marital or nonmarital makes it impossible to determine whether a trial court's division of marital property is 'just' under Section 452.330.").
While the failure to specify whether property is marital or nonmarital normally requires reversal, we do not have to reverse if a review of the record demonstrates that the property distribution is otherwise just. Degerinis v. Degerinis , 724 S.W.2d 717, 721 (Mo. App. E.D. 1987).
In the present case, however, the trial court largely failed to delineate the marital or nonmarital status of the parties' property which means we are unable to determine whether the distribution is otherwise just. See Wilkerson, 50 S.W.3d at 283. Although Wife introduced an exhibit which purports to classify all property sub judice as marital, the court did not attach, mention, or incorporate that exhibit into its holding. And although the court addressed the legal ownership of the three real estate properties, the judgment failed to delineate their marital or nonmarital status. These deficiencies together with the failure to delineate the marital or nonmarital status of much of the remainder of the parties' property represents a failure to satisfy § 452.330 which mandates reversal.
Husband also claims the trial court erred by failing to place values on various properties. A trial court, however, is not required to determine specific values of items of marital property unless a party requests such findings, or unless the record contains insufficient evidence to enable the court to make a just division. Hoecker v. Hoecker , 188 S.W.3d 497, 502 (Mo. App. W.D. 2006). Here, Husband did not make the required request. Therefore, we find no error in this regard. However, because we are remanding with instructions that the trial court make specific findings regarding the marital or nonmarital status of the parties' properties, Husband may request findings with respect to property values on remand.
Therefore, the portion of the judgment relating to the division of property is reversed and the case is remanded for further proceedings consistent with this opinion. If, after making these determinations, the trial court considers it is equitable *926 to redistribute the parties' property, it, of course, may do so. Wilkerson, 50 S.W.3d at 283.
II. The trial court erred in awarding Husband limited-term, non-modifiable maintenance.
Husband next argues that the court erred with respect to its grant of maintenance because the record does not support making the maintenance non-modifiable and for a fixed term. We agree.
Trial courts are vested with broad discretion in determining the duration of maintenance, and we review that decision for an abuse of discretion. In re Marriage of McMillian , 399 S.W.3d 838, 840 (Mo. App. E.D. 2013). However, "[t]here is a judicial preference for awards of maintenance of unlimited duration." Underwood v. Underwood , 163 S.W.3d 490, 491-92 (Mo. App. E.D. 2005). Trial courts should not prospectively end maintenance awards unless a reasonable expectation exists that the circumstances of the parties will be substantially different in the future. Id. at 492. Placing a limitation on the duration of maintenance will result in an abuse of discretion when it is based on speculation or is not supported by sufficient evidence. Id. Such a determination is more appropriately made in a proceeding for modification, following a showing of changed circumstances. Craig-Garner v. Garner , 77 S.W.3d 34, 39 (Mo. App. E.D. 2002).
Similarly, a non-modifiable maintenance order must be justified by the facts and circumstances of the particular case. Parciak v. Parciak , 553 S.W.3d 446, 453 (Mo. App. E.D. 2018). Where future events which may be pertinent to the issue of maintenance are uncertain, a maintenance award should be modifiable. Harris v. Harris , 784 S.W.2d 630, 631 (Mo. App. W.D. 1990). Accordingly, there is a judicial preference for maintenance to be both modifiable and of unlimited duration. Parciak , 553 S.W.3d at 453.
The record here fails to support making the maintenance non-modifiable and fails to support limiting its duration. While Wife testified, albeit rather vaguely, that Husband had a pension or retirement account, or perhaps accounts, which he could access in about five years, specifics were largely lacking. In the exhibit listing her proposed division of property, Wife listed a 401 (k) and pension account, both in her name, which she characterized as marital property that she requested be split evenly with Husband. It is unclear whether these are the accounts Wife referred to in her testimony, as "his account" and "his pension." Additionally, the court did not identify which retirement accounts it was considering and relying on to justify making the maintenance non-modifiable and of limited duration. There was no evidence regarding how much money Husband would be able to withdraw from the accounts each month, how much he would need to withdraw each month to meet his reasonable needs, or even what those reasonable needs would likely be in five years. Finally, when asked what "his pension" would be in five years, Wife said she had "no idea."
We therefore reverse the 60-month limitation and the designation that the maintenance award was non-modifiable. We order that the award be designated as modifiable and that it not be limited in duration. Wife's proper recourse is to move for modification of the order when Husband's alleged retirement benefits become available. Jung v. Jung , 886 S.W.2d 737, 741 (Mo. App. E.D. 1994). Husband's second point is granted.
III. The trial court did not err in permitting Husband's attorney to withdraw.
Husband asserts the trial court erred in permitting his attorney to withdraw *927 on the date of trial and by denying his motion to set aside the judgment. We disagree.
Whether to allow trial counsel to withdraw is within the sound discretion of the trial court. Nance v. Nance , 880 S.W.2d 341, 345 (Mo. App. E.D. 1994). Although that discretion is judicial in nature and reviewable on appeal, every intendment is in favor of the trial court's ruling. Id. The fact that an attorney withdraws from a case does not give a party an absolute right to a continuance. Id.
Here, on the day of trial but before trial began, Husband fired his attorney and left the courtroom. Prudently, the court made a record. The court noted that "[Husband] fired his attorney out loud in front of everyone." The courtroom bailiff testified that Husband said he was done for the day, and that he escorted Husband out of the building at Husband's request. The court released Husband's counsel "because he was fired today in court."
We find no error in the trial court permitting Husband's attorney to withdraw and proceeding with trial after Husband fired counsel in open court and left the courthouse. Point denied.
Conclusion
For the reasons stated above, we affirm in part, reverse in part, and reverse and remand in part for further proceedings consistent with this opinion.
Sherri B. Sullivan, P.J., and Lawrence E. Mooney, J., concur.