**Raul Castro GONZALEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–94–0266–CR.

Court of Appeals of Texas, Amarillo.

Sept. 1, 1994.

George A. Gonzales, San Antonio, for appellant.

Danny Hill, Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Raul Castro Gonzalez perfected this appeal from the trial court's order denying him bail pending appeal of his plea bargained conviction of the felony offense of delivery of marihuana, and requested an expedited decision. Perceiving that the trial court did not abuse its discretion in denying bail, we will affirm.

To resolve the appeal, we may properly take judicial notice of the underlying prosecution. *Ex parte Turner,* 612 S.W.2d 611, 612 (Tex.Cr.App.1981). In that prosecution, appellant, represented by retained counsel,

---

pleaded guilty to, and was found guilty of, the felony offense of delivery of marihuana, and his punishment was assessed, in conformity with a plea bargain, at confinement for seven years and a fine of $3,500, the punishment recommended by the prosecutor and agreed to by appellant and his counsel. Prior to accepting appellant's plea of guilty, the trial court admonished him, among other admonishments required by article 26.13(a), Texas Code of Criminal Procedure Annotated (Vernon 1989), and he acknowledged in writing his understanding, that if the punishment did not exceed the recommended and agreed to punishment, the court must give its permission before he could appeal on any matter except for matters raised by written motion filed prior to trial.

Represented by different retained counsel, appellant moved for a new trial on the grounds that he did not receive fully effective and competent representation, and that he, a resident alien married to a United States citizen, was not advised prior to the time he entered his plea that he could be subject to deportation proceedings. The motion was overruled by operation of law.

Appellant also moved the trial court for permission to appeal and, when permission was not secured, filed a general notice of appeal. The appeal has been docketed as No. 07–94–0216–CR, and is pending the filing of briefs.

Appellant further moved the trial court to set bail in the amount of $15,000 pending his appeal. *See* Tex.Code Crim.Proc.Ann. art. 44.04(c) (Vernon Supp.1994). The court denied the motion, stating the reason was "that the Defendant has not been given permission to appeal." This appeal ensued. *See* art. 44.04, *supra*, at (g).

When this appeal was docketed, appellant's retained counsel was notified of the due date of appellant's brief. Counsel opted not to file a brief, writing that "the case can be submitted to the Court on the record." As a result, the appeal will be heard and determined upon the law and facts arising from the record. Tex.R.App.P. 44(b).

■ Because of his conviction, appellant was not guaranteed the right to bail pending appeal, *Ex parte Lowe,* 573 S.W.2d 245, 247 (Tex.Cr.App.1978); but, since his punishment did not exceed 15 years confinement, he became statutorily eligible to be admitted to bail pending appeal. Thus, he was entitled to be admitted to reasonable bail, unless the trial court denied bail upon a discretionary finding of good cause. Art. 44.04, *supra*, at (c); *Ex parte Byers,* 612 S.W.2d 534, 537 (Tex.Cr.App.1980).

■ In considering appellant's motion for bail pending appeal, the trial judge, who presided at appellant's plea bargained conviction, was at liberty to notice the plea bargain proceedings. *Ex parte Turner,* 612 S.W.2d at 612. Those proceedings revealed that appellant was advised, and acknowledged in writing his understanding, that he could not appeal without permission of the court, except for pretrial matters raised by written motion. There were no pretrial matters raised by written motion and ruled on before trial, and appellant did not secure the permission of the court to appeal. The court could also notice that appellant's motion for new trial did not raise a jurisdictional issue, the only other subject that could be raised on appeal from a plea bargained conviction without the permission of the trial court to appeal. Tex.R.App.P. 40(b)(1); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Cr.App.1994).

Moreover, although appellant's motion for new trial did raise the issue of ineffective assistance of counsel, the ineffectiveness alleged was only the failure to advise him of the consequences of waiving his rights and making a judicial confession, and did not encompass the voluntariness of his plea of guilty nor his waiver of the right to appeal from the plea bargained conviction. The court, aware that an allegation of ineffective assistance of counsel is a claim of a nonjurisdictional defect, was entitled to consider that appellant's general notice of appeal, filed without permission of the court to appeal, conferred no jurisdiction on the appellate court to address the nonjurisdictional defect. *Lyon v. State,* 872 S.W.2d at 736.

Furthermore, even though in his motion for new trial, appellant additionally alleged the trial court failed to advise him he could be subject to deportation proceedings, the

court was justified in noticing appellant's written acknowledgment, filed in the record, that he was fully admonished about the matter as mandated by article 26.13(a)(4), *supra.* Appellant's written acknowledgment of the admonishment defeats his later allegation that he was not so admonished. *Walker v. State,* 843 S.W.2d 716, 717 (Tex.App.—Dallas 1992, pet'n ref'd).

It follows that the trial court correctly considered that the general notice of appeal filed by appellant, who had previously waived his right to appeal without the permission of the court and was not claiming that his waiver was coerced or involuntary, was ineffective to initiate the appellate process, *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Cr.App. 1978), particularly since appellant had not raised a justiciable point of error upon which to base an appeal from a plea bargained conviction. *Accord Rodriguez v. State,* 669 S.W.2d 174, 176 (Tex.App.—Corpus Christi 1984, pet'n ref'd). In these circumstances, we cannot say the court abused its discretion in denying bail pending appeal.

Accordingly, the judgment is affirmed.