**Thomas Owen POLEN, Respondent,**

v.

**Glenda Kay POLEN, Appellant.**

**No. WD 48630.**

Missouri Court of Appeals,
Western District.

Nov. 8, 1994.

Steven Petry, Gladstone, for appellant.

Mary Ann Drape, Kansas City, for respondent.

Before HANNA, P.J., and
BRECKENRIDGE and SMART, JJ.

PER CURIAM:

Glenda Kay Polen (Wife) appeals from the trial court's decree dissolving her marriage to Thomas Owen Polen (Husband). Wife contends that the trial court erroneously limited both the amount and the duration of its award of maintenance, and that the trial court erred by awarding child support without considering all the sources of Husband's income.

We reverse the trial court's award of maintenance and affirm the trial court's award of child support.

Husband and Wife were married on October 12, 1968, and they separated in August of 1992. On December 2, 1992, Husband filed a petition to dissolve the marriage, which had produced two daughters: Rachel Marie Polen, born on February 28, 1972 and emancipated at the time of the filing of the petition, and Audra Robin Polen, born December 14, 1973 and a college student at the time of the filing of the petition.

At the time of the trial, which took place on September 30, 1993, Husband had been employed by TWA as a mechanic for twenty-six years. He testified that his yearly income was $37,086.40 in 1993, $49,719.87 in 1992, $50,370.00 in 1991, and $47,991.00 in 1990. He further testified that the decrease in income was attributable to conditions set by TWA's bankruptcy creditors.

Husband's income and expense statement indicated that his gross monthly pay was $3,090.51, and that in addition he earned $205.00 per month from an aquarium business. However, at trial Husband testified that he had discontinued the aquarium business because he had contracted a bacterial infection from the water. His income and

expense statement indicated monthly expenses of $2,386.66. However, his $368.00 monthly car payment was listed twice in the document—once as a payroll deduction and once as an additional expense. Husband also acknowledged that, at the time of trial, his rent and utilities combined were $380.00 less than the amount indicated in the statement, but he added that he was then living in a $310.00–per–month studio apartment which was inadequate for his needs. Husband was also unable to identify what debts were being repaid by the $753.00 in monthly debt payments listed in the statement.

Wife testified that she had completed one and a half years of college when she quit school, got married, and began working. She worked as a clerk for AT & T from 1968 to 1976, and then quit working to stay home and raise the couple's children. In January of 1993, after the separation, she began working in the layout department of a publishing company which produced school yearbooks. Wife testified that her hourly wage was $5.75, and that she was subject to periodic layoffs because the nature of the work was seasonal.

Wife's income and expense statement indicated that her monthly gross pay was $997.00, and that her monthly expenses were $2,680.00. Her stated monthly expenses included mortgage payments of $701.00, and anticipated automobile expenses of $323.00, although she did not have an automobile at the time of trial. Her stated monthly expenses also included $141.68 in anticipated payments for health insurance, since her existing benefits would cease with the decree of dissolution.

Wife testified that she wanted to return to college to obtain a degree in the graphic arts, and that her stated monthly expenses also included $400.00 in anticipated costs related to her continued schooling. She further testified that Park College, where she planned to enroll, would accept some of her previous college credits so she could graduate in three years.

There was also considerable testimony during trial about Husband's repeated physical abuse of Wife during their marriage, as well as testimony about Husband's extramarital sexual conduct. Wife testified that she eventually had to seek an order of protection from Husband. There was also testimony about Husband's vindictive destruction of marital property by vandalizing the automobile driven by Wife and rendering it inoperable. In its decree of dissolution, the trial court explicitly noted Husband's marital misconduct and stated that his behavior would be a factor in the division of marital property.

The decree of dissolution awarded Wife the marital home and ordered her to assume the indebtedness on the property. In addition, Husband was ordered to pay Wife $500.00 per month in maintenance for a period of forty-eight months, and to pay $416.00 per month in child support. In its decree, the trial court explained its maintenance award as follows:

The Court finds that the evidence in this cause indicates that the Respondent, Glenda Kay Polen, intends to go back to Park College, in order to obtain a Bachelor of Science in graphic arts and it would take her approximately three years to obtain that degree. The Court finds that she is entitled to rehabilitative maintenance for that period of time that would allow her to obtain a degree.

In her first point on appeal, Wife claims that the trial court erred by limiting its award of maintenance to $500.00 per month. Wife contends that the evidence shows that, after deducting Husband's legitimate expenses, he still has $1,000.00 per month in disposable income, and that she needs at least that amount to meet her reasonable needs. Consequently, Wife asks us to change the trial court's award of maintenance to $1,000.00 per month.

In his income and expense statement, Husband indicated that his monthly take-home pay was $1,884.28, and that his monthly expenses were $2,386.66. However, his $368.00 monthly car payment was listed twice in the document, his rent and utilities combined were $380.00 less than the amount indicated in the statement, and he was unable to identify what debts were being repaid by the

$753.00 in monthly debt payments listed in the statement.

Husband explained the discrepancy in the rent and utilities by indicating that his current living situation was temporary and inadequate, and that the amounts on the income and expense statement represented the anticipated cost of more suitable housing. Husband also acknowledged that he had listed his monthly $368.00 car payment twice on the statement, but further indicated that since the statement was prepared his monthly car payment had increased to $460.00.

Assuming that Husband's actual monthly car payment was $460.00 instead of $736.00, and that his claim of $753.00 in monthly debt payments was wholly unsubstantiated, Husband's monthly expenses can be reduced by a total of $1,029.00, which would leave $1,357.66 in monthly expenses. Subtracted from a monthly take-home pay of $1,884.28, such a recalculation would leave Husband with a disposable monthly income of $526.62, which is quite close to the $500.00 amount of monthly maintenance awarded by the trial court.

Trial courts are vested with considerable discretion in awarding maintenance, and we review such an award only for an abuse of discretion. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 953 (Mo.App.1993). We find no abuse of discretion in the amount of maintenance awarded in the case at bar.

██ In her second point on appeal, Wife claims that the trial court erred by ordering a maintenance award of limited duration. Wife contends that there was insufficient evidence to show that, at the end of the four-year period, her financial condition would be sufficiently improved for her to support herself.

In support of her contention, Wife cites a recent decision by this Court, *Hernandez v. Hernandez,* 872 S.W.2d 161 (Mo.App.1994). In *Hernandez,* the parties separated after twenty-seven years of marriage, and the wife's marketable skills were limited and outdated. *Id.* at 163–64. At the time of the trial, the wife was enrolled in college and she anticipated receiving a degree in two years, although the date of her graduation was un-

certain. *Id.* at 164. The trial court limited the duration of the wife's maintenance award to a period of thirty-six months. *Id.* at 163. In reversing the trial court's decision, this Court offered the following rationale:

> Even if she completed her education within two years, nothing in the record established a reasonable probability that she would be able to obtain employment with sufficient income to support herself within one year. "Awards of limited duration should not be based on speculation as to future conditions of the parties.... Husband's sole recourse should be to institute a proceeding to modify the award when Wifes (sic) circumstances change." *Siegenthaler v. Siegenthaler,* 761 S.W.2d 262, 265 (Mo.App.1988) (citations omitted).

*Hernandez,* 872 S.W.2d at 164.

This court's reasoning in *Hernandez* also applies in the case at bar. Here, the record did not establish a sufficient probability that Wife would be able—within the forty-eight month period set by the trial court—to complete a degree in graphic arts and then successfully employ that degree to find a job that would enable her to be self-supporting. Such an outcome is too speculative to support an award of limited duration.

██ Limiting the duration of a maintenance award "cannot be based upon mere speculation as to the future condition of the spouse." *Smith v. Smith,* 840 S.W.2d 276, 277 (Mo.App.1992). Because of the evidence needed to support an award of limited duration, the judicial preference is for awards of maintenance of unlimited duration. *Id.* Applying these principles to the case at bar, we conclude that the trial court abused its discretion in awarding maintenance for only forty-eight months.

The cases cited by Husband in support of the trial court's maintenance award of limited duration are inapposite. In *Cohn v. Cohn,* 841 S.W.2d 782, 784 (Mo.App.1992), the wife already held a master's degree in special education and had worked through most of the marriage. In *Bixler v. Bixler,* 810 S.W.2d 95, 98 (Mo.App.1991), the wife already had a college degree and a teaching certificate, and had been employed as both a

substitute teacher and an adult education instructor during the two years preceding the trial. There was evidence that the wife's substitute teaching assignments were sporadic, but there was also evidence that the wife had turned down other teaching assignments. *Id.* at 98–99.

 In her third point on appeal, Wife claims that the trial court's award of $416.00 per month in child support was erroneous because the trial court failed to include all of Husband's sources of income in setting the amount. Specifically, Wife contends that the trial court failed to consider Husband's income from his aquarium business and from working overtime at TWA.

The trial court's ruling on the issue of child support must be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "We defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the trial court's order and disregarding all contrary evidence and inferences." *Boudreau v. Benitz*, 827 S.W.2d 732, 733 (Mo.App.1992).

In the case at bar, Husband testified that, although he had worked considerable overtime in the years preceding trial, such opportunities had become scarce because of the policy of TWA's creditors in bankruptcy. Husband also testified that he discontinued the aquarium business because he had contracted a bacterial infection from the water. The trial court apparently accepted Husband's explanation of the status of his income, and we find no basis to disturb the trial court's ruling.

██ The trial court erred by awarding Wife maintenance of limited duration. Pursuant to Rule 84.14, appellate courts may directly enter the decree that a trial court should have entered, with no necessity for remand. *State, Div. of Family Services v. A.J.*, 872 S.W.2d 594, 598 (Mo.App.1994). This court accordingly reverses that portion of the decree of dissolution limiting the duration of the order for maintenance and enters

an order that the Husband pay Wife modifiable maintenance of $500.00 per month without limit as to duration. We affirm the remaining provisions of the decree of dissolution.