**Glenn Leroy BURNETT, Appellant–Respondent,**

v.

**Sheryl Lois BURNETT, Respondent–Appellant.**

**Nos. WD 56368, WD 56477.**

Missouri Court of Appeals, Western District.

March 14, 2000.

Motion for Transfer Denied May 2, 2000.

Application for Transfer Denied June 27, 2000.

Kathy Kranitz Sadoun, St. Joseph, for Appellant-Respondent.

James R. Brown, Bruce B. Brown, Kearney, for Respondent-Appellant.

Before: ULRICH, P.J., and EDWIN H. SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

After 31 years of marriage, Glenn and Sheryl Burnett divorced on June 24, 1998. The circuit court's judgment divided their property and ordered Glenn Burnett (husband) to pay a lump sum amount of $16,000 in maintenance as follows: $600 per month for ten consecutive months, then $400 per month for ten consecutive months, and finally $300 per month for twenty consecutive months. The maintenance payments were ordered to commence thirty days after the sale of the marital residence. On appeal, Sheryl Burnett (wife) contends that the circuit court erred in limiting the duration of the maintenance, in designating a later starting date for the maintenance payments, and in delineating the maintenance as "nonmodifiable." Husband cross-appeals, asserting that the circuit court erred in awarding wife *any* maintenance.

We reverse and remand to the trial court with instructions.

## MAINTENANCE AWARD

An appellate court must affirm the circuit court's award of maintenance unless there is no substantial evidence to support the award, it is against the weight of the evidence, or it erroneously declares or applies the law. *Buckner v. Buckner*, 912 S.W.2d 65, 68 (Mo.App. W.D.1995). We afford the circuit court a great deal of discretion in awarding maintenance. *Id.* In the absence of a finding that the amount is patently unwarranted and wholly beyond the means of the spouse who pays, this court will not interfere with the circuit court's award of maintenance. *Petty v. Petty*, 739 S.W.2d 738, 741 (Mo.App. E.D.1987). Husband, who contends the circuit court erred in awarding *any* maintenance to wife, bears the burden of proving the maintenance award "shocks" this court's sense of justice. *Allen v. Allen*, 927 S.W.2d 881, 885 (Mo.App. W.D.1996).

For a circuit court to award maintenance, it must first determine whether the spouse seeking it: (1) lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and, (2) is unable to support himself or herself through appropriate employment. § 452.335.1, RSMo 1994.[1] This threshold determination must be made before consideration of the commencement date and duration of maintenance under § 452.335.2. Relying on *Hosack v. Hosack*, 973 S.W.2d 863, 870 (Mo.App. W.D.1998), husband contends that the evidence failed to show: (1) that wife had reasonable needs; (2) that wife lacked sufficient property to provide those needs; and, (3) that wife was unable to support herself through

---

[1] Unless otherwise noted, all statutory references are to RSMo 1994.

appropriate employment. Although not explicitly stated in the decree, we can imply that the trial court made such findings as are consistent with its maintenance award. Rule 73.01. We view the evidence in a light most favorable to the decree, disregarding contrary evidence and deferring to the trial court, even if the evidence could support a different conclusion. *Allen*, 927 S.W.2d at 885.

### Wife's Reasonable Needs

■ The court received sufficient evidence to find that wife had reasonable needs of support. The marriage lasted thirty-one years, and wife quit college after only one year to marry husband. Wife's Statement of Income and Expenses shows that she has no income and her average monthly expenses total $1,811 (not including an expense for housing). A review of the record indicates that the trial court did not abuse its discretion when it found wife had reasonable needs for support.

### Wife's Property

■ Both parties submitted conflicting evidence concerning their income, expenses, property and debts. The trial court is in the best position to weigh all the evidence and render judgment based on the evidence. *Landry v. Miller*, 998 S.W.2d 837, 840 (Mo.App. W.D.1999). It has the discretion to determine a witness' credibility and to accept, discount, or reject conflicting evidence. *McCreary v. McCreary*, 954 S.W.2d 433, 439 (Mo.App. W.D.1997). Husband does not argue that the court awarded wife a disproportionate amount of marital property. Rather, he argues that the property she received is sufficient to provide for her reasonable needs. We consider income-producing property to determine whether wife's property is indeed sufficient to support her needs, *Hosack*, 973 S.W.2d at 871, while at the same time considering the fact that a spouse need not deplete his or her portion of marital assets for living expenses before

an award of maintenance is justified. *Witt v. Witt*, 930 S.W.2d 500, 503 (Mo.App. W.D.1996).

Wife was awarded several items of personal property including late-model vehicles, a small amount of stock, one-half of husband's pension plans and other various items. Most of this property wife received was not income-producing property. As to the parties' real property, at the time of divorce, two parcels of land were jointly owned by the parties. Parcel one, valued at $125,000, consisted of their marital residence. Parcel two consisted of land valued at $47,000. The court ordered that both be sold and the proceeds distributed:

> *Parcel One:* (1) $10,000 paid to wife before any other distribution;
>
> Remaining balance shall be used to pay the marital debt [which the court found to be $24,739.32];
>
> The balance, if any, shall be distributed to petitioner and respondent equally.
>
> *Parcel Two:* (1) $5,000 paid to wife before any other distribution;
>
> (2) Balance distributed to wife and husband equally.

In 1994, wife inherited $75,000. She testified she used the inheritance to pay the $15,000 mortgage debt on their marital home, to make $16,000 in improvements to abutting land, to make other improvements on their real estate, to pay other debts on their vehicles and credit cards, and to purchase various items of personal property. There was no evidence that any of the inheritance remained available for wife's use.

Wife testified that her expense statement which reflected expenses of $1,811 did not include an anticipated expense for rent or a mortgage payment which she will have to make when the marital property is sold. Assuming wife will pay $500 per month in rent like husband does, her expenses would be over $2,300 per month. Applying a reasonable rate of return, this is in excess of the income she could receive

from the property if invested. Once more, a spouse need not deplete his or her portion of marital assets for living expenses before an award of maintenance is justified. *Witt,* 930 S.W.2d at 503. We do not believe that the trial court abused its discretion in finding wife did not have sufficient property to meet her reasonable needs.

### Wife's Employment

Since the record indicates wife does not have sufficient property to meet her reasonable needs, we examine whether her needs can be met through appropriate employment. *Van Skike v. Van Skike,* 858 S.W.2d 779, 780 (Mo.App. W.D.1993). Wife testified that she was 52 years old, and she had no income. During the pendency of this action, she had to sell several items of personal property and household items to provide for herself. She had a broken leg at the time of trial that would take at least four months to heal. Again, wife dropped out of college to marry husband, and outside of raising their two children, she worked only a brief period during their 31–year marriage. At the time of trial, she did not possess skills conducive to more than minimum wage employment. Husband alleged that since he filed for divorce, wife had made no effort to seek employment and would not try in the future. Wife testified that she had been trying to find employment for eight months, but nothing was available. Husband did acknowledge that she could not work with the broken leg, but he claims that she will be able to support herself as soon as the leg heals. Again, the trial court is in the best position to judge the credibility of witnesses. *McCreary,* 954 S.W.2d at 439. The trial court received substantial evidence to support the finding that she was not capable of meeting her reasonable needs through appropriate employment either. Accordingly, the record reveals that the trial court did not abuse its discretion in awarding wife maintenance.

After determining the court did not abuse its discretion in awarding maintenance, we now consider wife's argument that the circuit court's limitation on the amount and duration of the maintenance as well as its designated commencement date for maintenance payments amount to reversible error.

In determining the amount and duration of maintenance, the decree indicates the trial court "examin[ed] all relevant factors pursuant to § 452.335...." "These factors are neither all inclusive nor mandatory, so that the trial court is not required to specifically address each factor." *Monsees v. Monsees,* 908 S.W.2d 812, 818 (Mo.App. W.D.1995). The factors relevant to this case are:

1) The financial resources of [wife], including marital property apportioned to [her], and [her] ability to meet her needs independently ...;

2) The time necessary to acquire sufficient education or training to enable [wife] to find appropriate employment;

3) The comparative earning capacity of each spouse;

4) The standard of living established during the marriage;

5) The obligations and assets, including the marital property apportioned to [wife] and the separate property of each party;

6) The duration of the marriage;

7) The age, and the physical and emotional condition of [wife];

8) The ability of [husband] to meet his needs while meeting those of [wife]; ... and

10) Any other relevant factors.

§ 452.335.2.

### Commencement of Maintenance Obligation

To determine an appropriate maintenance award, courts balance the reasonable needs of the party seeking maintenance against the ability of the oth-

er spouse to pay. *Theilen v. Theilen*, 847 S.W.2d 116, 123 (Mo.App. W.D.1992). A maintenance award does not warrant appellate intervention unless it is "wholly beyond the means of the spouse who pays maintenance." *Id.* Husband does not argue that he cannot pay maintenance while meeting his own needs. Evidence showed he earns in excess of $38,000 per year. He testified that he did not "have any problems with paying [wife a couple hundred dollars] maintenance for somewhere between 18 and 36 months." He also testified that his expenses are $2,761.99 per month, and his gross income was $3,026 per month. Of his expenses, approximately $600 per month represent the marital debt. He was not to begin paying maintenance until after parcel one is sold at which time the marital debt will also be paid out of the proceeds. Until parcel one is sold, the court ordered that wife be allowed to remain residing, rent free, at the marital home. However, she argues that the payment should have started at the time of her injury. Regardless, a balancing of wife's needs and husband's ability to pay shows that the trial court did not abuse its discretion in ordering the maintenance payments commence thirty days after sale of the marital residence. However, since we are remanding for further action, see *infra*, the commencement date may need to be changed depending on the circumstances of the parties and the trial court's new decree regarding maintenance.

Likewise, given our instructions to the trial court to determine the amount of maintenance in conformance with this opinion, we will not address the parties' arguments concerning the amount of maintenance originally awarded by the trial court.

### Duration of Maintenance Award

■ In regard to the duration of the trial court's maintenance award, a maintenance award of limited duration "is justified only where substantial evidence exists of an impending change in the financial condition of the parties." *Allen v. Allen*, 961 S.W.2d 891, 896 (Mo.App. W.D.1998). Courts prefer a maintenance award of unlimited duration. *Id.* "Maintenance should not be prospectively terminated if there is no evidence or reasonable expectation that the circumstances of the parties will be markedly different in the future." *Hicks v. Hicks*, 859 S.W.2d 842, 847 (Mo.App. W.D.1993).

■ The record does not establish a sufficient probability that wife will be able – within the forty-month period set by the trial court – to obtain the skills and find a job that will enable her to be self-supportive. *Polen v. Polen*, 886 S.W.2d 701, 704 (Mo.App. W.D.1994). The only facts before the court were that wife had, at one time during the marriage, briefly worked in a jewelry store while husband was laid off. She could not work at the time of trial due to a broken leg. The facts also indicate the most that she can make, at least in the beginning, is minimum wage. She had only one year of college and, except for this brief period of time, had not worked outside the home during their 31–year marriage. To presume that after forty months, when she is around 55 years old, she will have gained sufficient skills and appropriate employment so as to be self-supporting is too speculative to support a maintenance award of limited duration. *Id. See also, Hernandez v. Hernandez*, 872 S.W.2d 161, 164 (Mo.App. W.D.1994) (finding that after 27 years of marriage, wife's marketable skills were limited and outdated, and although she was enrolled in college and thought she would graduate in two years, the trial court's limitation of maintenance to three years was too speculative based on the evidence).

### 'Nonmodifiable' Maintenance

■ Section 452.335.3 gives the court discretion in including a termination date for maintenance and in designating it as nonmodifiable. However, the statute " 'does not bestow unfettered discretion on

the trial court. . . . [A] maintenance order providing that it is "nonmodifiable" must be justified by the facts and circumstances of the particular case.'" *Allen,* 927 S.W.2d at 890 (quoting *In re Marriage of Lawry,* 883 S.W.2d 84, 90 (Mo.App. S.D. 1994)). Because we hold the limited duration of the maintenance award was not justified, we should also consider the trial court's designation of the maintenance as "nonmodifiable." "Maintenance is founded on need and may extend only so long as the need exists. [Citation omitted.] Thus, if it is uncertain that future events might obviate the need or basis on which maintenance is predicated, the award should be modifiable." *Allen,* 927 S.W.2d at 890. Just as the record indicates it is uncertain that wife's financial situation will change in order to justify limiting the maintenance award to forty months, it is also uncertain that future events might not also present reason for the maintenance to be modified. It should also be noted that because maintenance is founded on need, "lump sum" maintenance is not appropriate under Missouri law, except as a division of property. *Cates v. Cates,* 819 S.W.2d 731, 735 (Mo. banc 1991).

We found no evidence to support the existence of an impending change or to support a finding that wife's financial situation will be markedly different at the end of forty months in order to support the trial court's award of limited duration maintenance. *Test v. Test,* 872 S.W.2d 620, 624 (Mo.App. W.D.1994). Likewise, we found no evidence to support an award of nonmodifiable maintenance. For these reasons, we reverse and remand to· the trial court with instructions to determine the amount of modifiable maintenance for an unlimited duration considering all relevant factors including the present circumstances of the parties. The court may take such additional evidence as it deems necessary to make its determination.

### Conclusion

There was sufficient evidence before the trial court that wife had reasonable needs, lacked sufficient property to provide for those needs, and was unable to support herself through appropriate employment. Thus, its award of maintenance was supported by evidence. However, the evidence was not sufficient to support the trial court's limiting of the duration of the maintenance or to support its designation of the maintenance as nonmodifiable. Nor was a lump sum maintenance award appropriate. As a result, we reverse and remand, with instructions as set forth above, the circuit court's judgment as it relates to maintenance.

ULRICH, P.J., and EDWIN H. SMITH, J., concur.