Brenda Lynn HOWSMON, Appellant,

v.

John Thomas HOWSMON, Respondent.

No. 24392.

Missouri Court of Appeals, Southern District, Division Two.

July 2, 2002.

Anita K. Oakes, Elizabeth Davis, The Glades Law Firm, P.C., Joplin, for appellant.

Robert R. Parrish, Joplin, for respondent.

JOHN E. PARRISH, Judge.

Brenda Lynn Howsmon (wife) appeals the maintenance and child support provisions of the judgment in her and John Thomas Howsmon's (husband) dissolution case and the trial court's denial of her

request to reopen her case and present additional evidence at a date subsequent to completion of the trial. This court affirms.

Husband and wife were married June 3, 1989. They have two sons born February 10, 1992, and July 18, 1994. They separated on or about August 23, 2000.

The trial court entered judgment dissolving the marriage. Husband and wife were awarded joint legal custody and joint physical custody of the children. Wife's residence was designated as the children's primary residence. A parenting plan was adopted designating the parents' respective "parenting times." Husband was ordered to pay child support to wife in the amount of $1,128 per month. Husband was ordered to "keep said minor children covered by health insurance." The judgment declares husband and wife are "equally responsible for any medical, dental or other health related expense not covered by insurance." Marital property and marital debts were divided. Wife was awarded maintenance in the amount of $600 per month for six consecutive months. The trial court declared the award of maintenance nonmodifiable.

For purposes of its review, this court considers fact issues as having been found in accordance with the result the trial court reached. *In re Marriage of Gilmore*, 943 S.W.2d 866, 871 (Mo.App.1997). "All evidence and permissible inferences therefrom are considered in the light most favorable to the trial court's decision, and all contrary evidence and inferences are disregarded." *Id.*

Wife's first point on appeal argues the trial court erred in limiting the duration of her maintenance award to six months and designating it nonmodifiable. She contends the evidence revealed she lacked the "necessary skills to become self-supporting within the time frame" for which she was allowed maintenance; that in view of the fact that she "did not receive substantial marital assets, did not receive nonmarital or income producing assets, has limited work experience, did not possess a marketable degree or skills," her job opportunities were speculative. She further complains that the trial court made no specific findings as to the "necessary factors" that she had "primary custody of two minor children, [and] [husband] was guilty of substantial misconduct."

Section 452.335 [1] permits a trial court to grant maintenance in a dissolution of marriage action when the spouse seeking maintenance "(1) [l]acks sufficient property, including marital property apportioned to him [or her], to provide for [the spouse's] reasonable needs; and (2)[i]s unable to support himself [or herself] through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home." In determining a party's request for maintenance, the trial court is to consider "all relevant factors including:"

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him [or her], and [the party's] ability to meet his [or her] needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

---

1. References to statutes are to RSMo 2000.

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him [or her] and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage; and

(10) Any other relevant factors.

§ 452.335.2.

Wife complains that limiting her maintenance to a six-month period and designating it as nonmodifiable was error. She argues the trial court either failed to consider, or did not sufficiently consider, that marital property she received, together with her job skills and job-finding skills, was inadequate to permit her to meet her financial needs. Wife's claim of error in Point I appears to be that the trial court failed to consider the factors denominated (1) and (9) in § 452.335.2. She faults the trial court for having "made no specific findings as to these necessary factors."

It is appropriate to first note that the factors enumerated in § 452.335.2 are neither all-inclusive nor mandatory. *Burnett v. Burnett*, 18 S.W.3d 27, 31 (Mo. App.2000). A trial court is not required to examine each factor. *Id.* Further, with respect to wife's complaint that the trial court made no specific findings regarding these factors, the record reveals no request on the part of either party for findings on these or other controverted fact issues as permitted by Rule 73.01(c). Thus, all fact issues are considered as hav-

ing been found in accordance with the result the trial court reached. Rule 73.01(c); *Sawtell v. Sawtell*, 569 S.W.2d 286, 288 (Mo.App.1978). No appeal lies from a trial court's failure to make findings on controverted facts absent counsel having made a request for such findings specifying particular fact issues for which findings are requested. *In re Marriage of Colley*, 984 S.W.2d 163, 171 (Mo.App.1998).

Section 452.335.3 directs that maintenance orders shall state whether they are modifiable or nonmodifiable. It continues:

The court may order maintenance which includes a termination date. Unless the maintenance order which includes a termination date is nonmodifiable, the court may order the maintenance decreased, increased, terminated, extended, or otherwise modified based upon a substantial and continuing change of circumstances which occurred prior to the termination date of the original order.

*L.E.B. v. J.L. B.*, 768 S.W.2d 638 (Mo. App.1989), explains:

In determining wife's ability to support herself, the court is not confined to a consideration of present earnings but can consider prior earning capacity and probable future prospects. *In re Marriage of Witzel*, 727 S.W.2d 214, 216 (Mo.App.1987). Awards of limited duration are proper when the trial court has before it evidence that there is some reasonable expectation that the financial condition of the parties will change prior to termination of the award. *Sansone v. Sansone*, 615 S.W.2d 670, 671 (Mo.App. 1981).

*Id.* at 640.

"[Maintenance] [a]wards of limited duration are entirely proper where the trial court has before it evidence of some impending change in the financial conditions of the parties or at the least some

reasonable expectation that such a change will occur." *In re Marriage of Powers,* 527 S.W.2d 949, 956 (Mo.App.1975). *See also Sansone v. Sansone,* 615 S.W.2d at 671. "[I]f there is any rational basis to support the trial court's determination to limit maintenance, that decision should be affirmed." *Tucker v. Tucker,* 778 S.W.2d 309, 311 (Mo.App.1989). *See also Russell v. Russell,* 740 S.W.2d 672, 674 (Mo.App. 1987).

Wife was asked about prospects for her employment. She confirmed that she was healthy; that she was articulate, college educated and employable. She was asked, "You could find a job today if you wanted one, couldn't you." She answered, "Yes, I could."

Wife was employed in the early years of the marriage. She discontinued working outside the home about 1992 in order to stay home with the parties' children. A conscious decision was made that it would be better for the children for her to spend more time at home with them. Her work experience includes working as a department manager at Famous–Barr and, as a secretary at Dawson Furniture. She also had part-time jobs selling jewelry and doing graphic design work at home. She has a college degree, a Bachelor of Science in home economics, fashion design. Her earnings at Famous–Barr were $18,000 per year.

■ At the time of trial, wife was training to become a certified webmaster. Upon completion of her training, she anticipated getting a job with income potential of $25,000 to $30,000 per year. She testified that she would complete her training the following September (the date of the trial was April 6, 2001); that she planned to begin working then.

Husband was ordered to pay monthly maintenance "commencing April 6, 2001 and ending September 6, 2001." A finding consistent with the result the trial court reached would be that wife had a reasonable expectation that her financial condition would improve prior to the termination of the maintenance award. Wife's testimony of her past education, her past work experience, her present training and job expectations was sufficient evidence for the trial court to conclude her financial condition would change upon completion of her training in September 2001. Consideration of this evidence was consideration of wife's financial resources and her ability to meet her needs independently, the factor § 452.335.2(1) deems relevant in determining a party's request for maintenance.

■ Further, wife's suggestion that the trial court failed to consider misconduct by husband is not evidenced by the record. Wife testified husband admitted to her that he had two extra marital affairs. She acknowledged, however, that she also "had sex during the marriage with another person." Wife testified that husband drank to excess; that he would become violent after drinking. She was asked if he ever struck her when he was violent. She said he had not. All of this was before the trial court. The trial court is presumed to have considered all the evidence in making its determinations. *Halupa v. Halupa,* 980 S.W.2d 325, 331 (Mo.App.1998).

There was a rational basis for the trial court to limit the duration of maintenance awarded to wife. There is no support in the record that the trial court failed to consider the factors identified in § 452.335.2(1) and (9). Point I is denied.

Points II and III are directed to the calculation of presumed child support as required by Rule 88.01. Wife complains the trial court erred in not imputing income to her (Point II) and in not imputing childcare expenses she could be expected to incur at such point as she becomes

employed (Point III). She asserts this was inconsistent with the trial court limiting the maintenance award to a period of six months.

As this court understands wife's argument with respect to Points II and III, she suggests a greater amount of presumed child support would have been calculated if amounts had been imputed for expected earnings by her and likely child care expenses. Her brief states, "Even by imputing a minimum wage income to [wife] of Eight Hundred Ninety Three Dollars ($893.00) and imputing work-related childcare expenses of Four Hundred Dollars ($400.00), the lower court could have calculated a more accurate sum for the presumed amount of child support." She contends this would have resulted in presumed child support of $1,302.46 rather than the $1,128 calculated and awarded by the trial court.

■■■■ The amount of child support awarded by the trial court was the amount wife requested. It was the amount calculated on the Form 14 she filed with the trial court. "A party will not be heard to complain on appeal of an alleged error in which, by his [or her] own conduct at the trial, [the party] joined or acquiesced." *In re Marriage of Medlock,* 749 S.W.2d 437, 440 (Mo.App.1988). "On appeal, a party is bound by the position he [or she] took in the circuit court and will not be heard on a different theory." *Id.* If error occurred by the trial court not taking the actions wife now, via hindsight, suggests should have been taken, an issue this court does not address, the error was invited by wife. Points II and III are denied.

Point IV argues the trial court erred in not vacating or reopening the judgment to permit additional evidence regarding the division of marital property and debts. Point IV is directed to the trial court ruling on wife's Motion for New Trial and Motion to Vacate, Reopen and Present Additional Evidence filed May 24, 2001. The motion asserted both parties were indebted by means of guarantees of indebtedness of husband's family business (of which he is CEO) in an approximate sum of $1,000,000. It further asserted that after trial, wife found out the business was not in default on its obligations as had been suggested by husband at trial. On that and other bases, wife's motion requested that the trial court order a new trial or, in the alternative, reopen or vacate the part of the proceeding regarding maintenance, child support, division of marital property and debts, and husband's employment status to permit further proceedings on those issues. Wife's motion was denied.

■■■■ Among the things a party is required to show to warrant reopening a judgment to consider newly discovered evidence is that failure of the evidence to come to his or her knowledge sooner was not the result of a lack of due diligence, and the evidence sought to be produced is so material it would probably produce a different result if there were a new trial. *Anderson v. Anderson,* 854 S.W.2d 32, 37 (Mo.App.1993). *See also Vanderson v. Vanderson,* 668 S.W.2d 167, 172 (Mo.App. 1984). Mindful that the trial court was in the best position to determine these issues, this court finds no basis for concluding the trial court abused its discretion in denying the motion. Point IV is denied. The judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.